UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVERETT L. GREEN                                    CIVIL ACTION

VERSUS                                             NO. 26-262

NAVY FEDERAL CREDIT UNION                          SECTION: N

## ORDER AND REASONS

On February 4, 2026, Defendant Navy Federal Credit Union removed pro se Plaintiff Everett L. Green's Louisiana state court petition to federal court.[1] Now before the Court is: (1) Green's Motion to Remand,[2] opposed by Navy Federal;[3] (2) Green's Motion for Temporary Restraining Order and Preliminary Injunction,[4] opposed by Navy Federal;[5] (3) Navy Federal's Motion to Dismiss for Lack of Jurisdiction/Improper Venue,[6] nominally opposed by Green;[7] and (4) Green's Motion for Partial Summary Judgment,[8] opposed by Navy Federal.[9] Having considered the record and the applicable law, and for the reasons that follow, the Motion to Remand is **DENIED**, the Motion to Dismiss is **GRANTED**, and the Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Partial Summary Judgment are **DENIED AS MOOT**.

---

[1] R. Doc. 3.
[2] R. Doc. 5.
[3] R. Doc. 10. Green did not file a reply.
[4] R. Doc. 6.
[5] R. Doc. 10. Green did not file a reply.
[6] R. Doc. 14.
[7] R. Doc. 22. Navy Federal filed a reply. R. Doc. 23.
[8] R. Doc. 16.
[9] R. Doc. 19. Green did not file a reply.

## I.      Factual Background

Plaintiff Everett L. Green alleges that Navy Federal froze and restricted his accounts, retaining approximately $4,000 pursuant to a claimed right of setoff against an auto loan.[10] Green contends the loan had already been discharged, that Navy Federal had notice of the discharge, and that the frozen funds constituted disability compensation under the Defense Base Act, 42 U.S.C. § 1651 et seq., exempt from creditor process under 33 U.S.C. § 916.[11] His state court petition asserts claims for conversion, unjust enrichment, breach of contract, improper debt collection, and violations of 33 U.S.C. § 916 and La. R.S. § 51:1405.[12]

The uncontroverted declaration of Will Scott, a Navy Federal Vice President, establishes the following facts regarding Navy Federal's contacts with this forum. Navy Federal is a federally chartered credit union headquartered at 820 Follin Lane, Vienna, Virginia, which also serves as its principal place of business.[13] Green executed the promissory note underlying the disputed loan while providing a residential address in Humble, Texas.[14] Green separately opened business membership accounts for two Texas limited liability companies—Green Trucking Freights LLC and Breaking Ground Boldly LLC—with each application listing a

---

[10] R. Doc. 3-1 at p. 2 ¶¶ 5-9.
[11] *Id.* at p. 2 ¶¶ 6, 11.
[12] *Id.* at p. 3 ¶¶ 15-19.
[13] R. Doc. 14-2 at p. 1 ¶¶ 2-3.
[14] *Id.* at p. 2 ¶ 8.

2

Humble, Texas physical and mailing address.[15] Navy Federal's records reflect no change-of-address request from Green for himself or either entity at any point.[16]

Green's state court petition alleges his current domicile in Orleans Parish, Louisiana.[17] It contains no allegation that he informed Navy Federal of a change in address, and no allegation of any Navy Federal conduct directed toward Louisiana. Navy Federal maintains one physical branch and two automated teller machines in the entire state of Louisiana, all located in New Orleans.[18]

## II.    Law and Analysis

### A. Motion to Remand

As noted, Navy Federal removed Green's state court petition, asserting federal question jurisdiction.[19] Green's motion to remand fails because federal question jurisdiction does, in fact, exist. Green asserts a claim against Navy Federal under 33 U.S.C. § 916.[20] This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[21] Green does not dispute those points, but instead argues that federal law is not "the exclusive basis for relief."[22] Green's argument misunderstands the jurisdictional standard. Federal law need not be the sole basis for relief for federal question jurisdiction to attach; it

---

[15] *Id.* at p. 2 ¶¶ 9-10.
[16] *Id.* at p. 2 ¶¶ 8-9.
[17] R. Doc. 3-1 at p. 2 ¶ 1.
[18] R. Doc. 14-1 at p. 6.
[19] R. Doc. 3. Navy Federal also asserts diversity jurisdiction, which this Court does not reach.
[20] R. Doc. 3-1 at p. 3 ¶ 18.
[21] 28 U.S.C. § 1331.
[22] R. Doc. 5 at p. 1.

need only supply one claim arising under federal law.[23] Green's motion to remand is denied.

### B. Motion to Dismiss

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a basis for jurisdiction.[24] The plaintiff need only make a prima facie showing, and the Court will accept uncontroverted allegations in the complaint as true and resolve factual conflicts in the plaintiff's favor.[25] Conclusory jurisdictional allegations, unaccompanied by supporting facts, do not satisfy the plaintiff's burden even when unrebutted.[26]

Green's opposition to the motion to dismiss contains no jurisdictional argument.[27] It addresses the merits of his federal exemption claim under 33 U.S.C. § 916, mootness, and damages, but never engages Navy Federal's minimum-contacts showing, and the word "jurisdiction" appears nowhere in the filing.[28] The prima facie standard requires the Court to credit uncontroverted factual allegations in Green's favor, but it does not relieve Green of the obligation to allege or identify facts

---

[23] *See* 28 U.S.C. § 1441(a) (permitting removal of any civil action over which the district courts have original jurisdiction); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question jurisdiction exists where a federal question is presented on the face of the plaintiff's properly pleaded complaint, "mak[ing] the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law").

[24] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).

[25] *Id.*

[26] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

[27] R. Doc. 22.

[28] *Id.*

supporting jurisdiction in the first instance.[29] Neither Green's state court petition[30] nor his opposition[31] identifies any conduct by Navy Federal purposefully directed at Louisiana or any contacts Navy Federal purposely established in the state. The Court nonetheless independently reviews the uncontroverted record below and confirms that no basis for general or specific jurisdiction exists.

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment."[32] Because the Louisiana long-arm statute is coextensive with federal due process limits, the Court analyzes the issue solely under constitutional standards.[33]

This Motion turns on the due process requirement that a defendant have "minimum contacts" with the forum such that it could reasonably anticipate being haled into court there.[34] Minimum contacts may give rise to either general or specific jurisdiction.[35]

A corporation is typically subject to a court's exercise of general jurisdiction only in "two paradigmatic places: (1) the state of incorporation and (2) the state where

---

[29] *Monkton*, 768 F.3d at 431.
[30] R. Doc. 3-1.
[31] R. Doc. 22.
[32] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).
[33] La. R. S. 13:3201; *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).
[34] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (first citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); and then citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).
[35] *Monkton*, 768 F.3d at 431.

it has its principal place of business."[36] Navy Federal is a federally chartered credit union with its principal place of business in Virginia.[37] The record is otherwise devoid of any indication that Navy Federal has contacts with Louisiana "so 'continuous and systematic' as to render [it] essentially at home" here.[38] What's more, it is uncontroverted that Navy Federal has a single branch and two automated teller machines in the entire state—a presence far short of what courts have found insufficient even where a defendant maintained an office and dozens of employees in the forum state.[39] A financial institution's servicing of accounts or loans for forum-state customers, without more, does not establish general jurisdiction either.[40] General jurisdiction is therefore lacking.

Nor does the record support specific jurisdiction. Green has failed to establish that his causes of action relate to any Navy Federal contact with Louisiana.[41] Navy Federal does maintain a single branch and two automated teller machines in New Orleans,[42] but Green's claims are based on the freezing and setoff of funds in accounts opened, and a loan executed, using a Humble, Texas address for both Green individually and his two LLCs, with no change-of-address request reflected in Navy Federal's records at any point.[43] Green does not allege that the challenged freeze or

---

[36] *Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020).

[37] R. Doc. 14-2 at p. 1 ¶¶ 2-3.

[38] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).

[39] R. Doc. 14-1 at p. 6; *see, e.g.*, *DGG Grp., LLC v. Lockhart Fine Foods, LLC*, No. 20-CV-330, 2021 WL 308946, at *4 (W.D. Tex. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 4047402 (W.D. Tex. Mar. 2, 2021).

[40] *Brumfield v. TransUnion, Inc.*, No. 19-CV-13094, 2020 WL 1083598, at *3 (E.D. La. Mar. 6, 2020).

[41] *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986).

[42] R. Doc. 14-1 at p. 6.

[43] R. Doc. 3-1 at p. 2 ¶¶ 5-11; R. Doc. 14-2 at p. 2 ¶¶ 8-10.

setoff involved any transaction at, or activity directed through, Navy Federal's Louisiana branch or ATMs, and his own subsequent relocation to Louisiana does not supply the purposeful availment that Navy Federal's conduct lacks.[44]

Because dismissal is warranted on personal jurisdiction grounds, the Court does not reach Navy Federal's alternative arguments for dismissal due to improper venue.[45]

### C. Remaining Motions

Green's remaining requests—for a temporary restraining order, a preliminary injunction, and summary judgment—are moot in the light of the Court's determination that it lacks personal jurisdiction over Navy Federal. "Personal jurisdiction, [like subject matter jurisdiction], is 'an essential element of the jurisdiction of a district ... court,' without which the court is 'powerless to proceed to an adjudication.'"[46]

## III.    Conclusion

**IT IS ORDERED** that Green's Motion to Remand[47] is **DENIED**, Navy Federal's Motion to Dismiss[48] is **GRANTED**, Green's claims are **DISMISSED WITHOUT PREJUDICE**, Green's Motion for Temporary Restraining Order and

---

[44] *Walden v. Fiore*, 571 U.S. 277, 284-86 (2014).

[45] R. Doc. 14 at p. 2.

[46] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (second alteration in original) (quoting *Emp'rs Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)).

[47] R. Doc. 5.

[48] R. Doc. 14.

Preliminary Injunction[49] is **DENIED AS MOOT**, and Green's Motion for Partial

Summary Judgment[50] is **DENIED AS MOOT**.

New Orleans, Louisiana, this 29th day of July, 2026.

_____

**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**

---

[49] R. Doc. 6.
[50] R. Doc. 16.